## Davis, Director, v. Robinson.

[No. 24,026.    Filed February 5, 1924.    Rehearing denied April 25, 1924.]

1. MASTER AND SERVANT.—*Negligence of Master's Employees.— Failure to Prove One of Several Acts Charged.*—In an action by a brakeman for personal injuries charged to have resulted from several different acts of negligence by the master's employees, the failure to prove one of the acts charged would not defeat plaintiff's recovery where there was proof of the other alleged negligence.    p. 539.

2. EVIDENCE.—*Judicial Knowledge.—Operation of Railroads by Director General.*—The courts take judicial knowledge that in December 1919, the Director General, as agent for the United States Railroad Administration, was engaged in operating the New York, Chicago and St. Louis Railroad Company that runs east from Ft. Wayne into Ohio, so far as running trains thereon was concerned, especially where he appeared and defended without suggesting that he bore any other relation to the case.    p. 539.

3. MASTER AND SERVANT.—*Negligence.—Personal Injury to Servant.—Evidence.—Sufficiency.*—In an action by a railroad brakeman against his employer for personal injuries resulting from

negligently placing a car on a spur track so near to a siding that a servant of the defendant working on the outside of a car that he was operating would be and was crushed between the two cars, the car on the spur track being left there over night without a light thereon or near it, *held* that defendant's liability did not depend upon the exact spot where its employees set the car when they pushed it in on the spur track early in the day. p. 541.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by Edgar J. Robinson against James C. Davis, Director General of Railroads, etc. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walter Olds, Albert E. Thomas* and *W. J. Stevenson,* for appellant.

*Breen & Morris, Smith & McGrevy, O. E. Fuelber, Skiles & Skiles* and *Newcomb, Newcomb & Nord,* for appellees.

EWBANK, C. J.—Appellee recovered a judgment for personal injuries sustained while working as a brakeman, switching cars used in interstate commerce, at the town of New Haven, east of Fort Wayne. Overruling the motion for a new trial is assigned as error. The motion for a new trial specified many alleged errors, of which all but about eighty were waived by the failure to support them by argument or authorities.

Appellant's brief sets out eighty-five "propositions", nearly every one of which challenges a different ruling, followed by what purports to be an "argument" in sixty-nine separate parts, each based on a separate one or a very few of those propositions. The propositions and paragraphs of argument challenge separately each of nine rulings admitting, and seventeen excluding, as many separate items of evidence, the giving of forty-two instructions, and the refusal to give six, besides challenging the sufficiency of the evidence in several

particulars. We have given consideration to each of these propositions, but it is not practicable to discuss each of them within the limits of an opinion of the court.

The complaint charged that the defendant Director General was operating the railroad of the New York, Chicago and St. Louis Railroad Company, pursuant to the Federal Control Act, approved March 21, 1918; that at a point where a spur track led off from a siding, a car was set on the spur by defendant's servants so close to the junction of the two tracks that it only cleared a passing locomotive by eight inches, and that, with full knowledge that it was there, defendant's servants left it in that position over night; that plaintiff was in defendant's employ as a brakeman on a local freight train on said railroad, and, in assisting to switch a car from the siding into the train on which he was employed, was riding on a stirrup at the side of the tender of the locomotive engaged in such work of switching, as the locomotive ran backward into the siding; that no light was provided adequate for him to see the car as he approached it, and that he was unable to see it there on the spur track; that the locomotive was run on the siding past the car at a high and dangerous rate of speed, to wit, eighteen miles an hour; that defendant and his servants knew of the location of the car and failed to warn plaintiff; and that defendant had placed the car in said position on the spur track and left it there. Placing the car so close to the siding, leaving it so close to the siding without lights or warning signals, after learning that it was there, failing to warn plaintiff of the danger after having learned of its position, and running the locomotive backward past the car at high speed without furnishing lights on the locomotive or elsewhere adequate to disclose its presence to plaintiff, as the locomotive ran backward, was each

alleged to constitute negligence by which plaintiff's injury was caused.

There was direct evidence tending to prove all the allegations of the complaint except the charge that appellant, the Director General, was operating the railroad by his employees, including plaintiff, and the charge that the railroad employees set the car where it was standing when it struck and injured plaintiff. Appellant's contention that the verdict is not sustained by sufficient evidence and that a number of the instructions were erroneous is based on the assertion that there was no evidence of any kind tending to prove either of those two facts. Under the evidence, we do not think appellant's liability depends upon its servants having originally set the car in a dangerous position, as there was proof of the other alleged negligence. On the question whether appellant was operating the railroad, some of the witnesses, including plaintiff, testified that they were employed at the time by the "Nickle Plate Road" and that this was a name for the New York, Chicago and St. Louis Railroad Company. We have judicial knowledge that at the time of the injury, the Director General, as agent for the United States Railroad Administration, was engaged in operating the railroad of the New York, Chicago and St. Louis Railroad Company that runs east from Fort Wayne, through New Haven, into Ohio, so far as running trains thereon was concerned, since the Act of Congress and Proclamations by the President having the effect of law so provided and required.

And with full knowledge that he was the person charged with the alleged wrong, appellant appeared and defended, cross-examined plaintiff's witnesses as to minute details of the occurrence, called and examined many witnesses in his own behalf, and asked a large number of instructions declaring his rights, duties and

liability as Director General in case the injury was found to have occurred in the way that his witnesses testified, many of which instructions were given, and proceeded throughout on the theory that he had been plaintiff's employer engaged in operating the railroad, and did not suggest that he bore any other possible relation to the case until after the verdict was returned. See, *Boehmke* v. *Northern Ohio Traction Co.* (1913), 88 Ohio 156, 102 N. E. 700.

The objection that the verdict is not sustained by sufficient evidence is not well taken.

Appellant complains that instructions were given, two or more of which repeated the same or similar propositions. But we do not think this was carried to an extent that was harmful to appellant.

Some instructions given at the request of appellant's codefendants, Smith and McGrevy, are complained of, but we do not think they could have influenced the return of the verdict against appellant.

A verdict in favor of Smith and McGrevy was returned, from which no appeal has been taken, and the correctness of such instructions, therefore, is not material in deciding this appeal.

The numerous exceptions to the admission and exclusion of evidence related to rulings which could not harm apellant, or which afterward were rendered harmless by the evidence introduced later. Without taking up and discussing each of the many rulings separately, we have reached the conclusion that, upon the whole case, the judgment should be affirmed.

The judgment is affirmed.

## ON PETITION FOR REHEARING.

EWBANK, C. J.—Witnesses testified that after the car on the spur track was placed close to the siding, at one o'clock in the afternoon, not less than nine hours before

3.   plaintiff was injured, the employees of defendant operating another train saw the car standing in a position of danger, so that it cleared the tender of a locomotive with which they were working only by six or eight inches; that they worked back and forth past there throughout the day, and departed at about four o'clock; that the car was then in that position, and was left in that position when the men unloading it left at dark; that its position was seen from the window of the telegraph office by an employee of defendant ten times in the course of the afternoon; that the engineer of the train working back and forth there saw the position it was in; that no lights nor danger signals were on it, nor was any light near it by which its position could be seen at night; that defendant's station agent gave the order for the crew of the local freight train with which plaintiff was working, that left Fort Wayne at seven in the evening of that day in December, to take from the siding the car which the locomotive was backing in to get when plaintiff was injured; and that there was no light on the rear of the locomotive as it backed by which the position of the car that injured him could be seen, and plaintiff was not warned of the danger.   This evidence supported the allegation that, with knowledge and an opportunity to know of the conditions, defendant left the car in a dangerous position, at night, without warning signals or lights by which its position could be seen, and ran the locomotive on which plaintiff was riding in the performance of his duty past the car without warning him of the danger or affording him the means of seeing it.   If that be true, defendant's liability would not depend upon the exact spot where its employees set the car when they pushed it in on the spur track early in the morning of that day.

The petition for a rehearing is overruled.